IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jean H. Smith, ) | Civil Action No.: 4:14-cv-04140-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| South Carolina Department of Corrections; ) | |
| Director Bryan P. Stirling; and Investigator ) | |
| Robert Stuckey, in his individual capacity; ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This Court entered its Order in this action[1] on March 18, 2016, adopting *without objection* the Report and Recommendation of United States Magistrate Judge Kaymani D. West, and granting Defendants' motion for summary judgment. Judgment was entered by the Clerk on the same date in favor of Defendants. Defendants filed a Bill of Costs on March 23, 2016, requesting an award of costs for depositions totaling $1,359.85 and copy costs of $55.24 for a total of $1,415.09. The plaintiff has objected to Defendants' bill of costs.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

---

[1] Plaintiff's Complaint alleged a cause of action under 42 U.S.C. § 1983 claiming that Defendants violated her Fourth, Fifth, and Sixth Amendment rights during the course of her arrest and subsequent imprisonment. Plaintiff also alleged various state law claims.

1

"To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id*., *citing Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). The expenses which may be taxed are listed in 28 U.S.C. § 1920.[2]

Costs may be denied only when there would be an element of injustice in a presumptive cost award. *See Delta Air Lines v. August*, 450 U.S. 346, 355 (1981). Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *Teague*, 35 F.3d at 996.

As grounds for denial of costs to Defendants, Plaintiff argues she had a good faith belief in bringing this lawsuit and the equities in this case preclude Defendants from pursuing costs. Regardless of whether Plaintiff had a good faith belief in the lawsuit, the Court found that her evidence was not sufficient as a matter of law. The issues were not close and difficult. In fact, Plaintiff did not even file objections to the Magistrate Judge's Report and Recommendation, which recommended that summary judgment be granted in favor of Defendants. Finally, Plaintiff provides no reasons why the equities in the case would preclude an award of costs against her other than the conclusory statement that the plaintiff is "of modest means."

For the reasons stated above, Defendants are awarded costs in the amount of **$1,415.09**. These costs shall be included in the judgment of this Court.

**IT IS SO ORDERED.**

---

[2] Local Rule 54.03 also references other federal statutes and rules pertaining to costs which are not involved in this case.

March 30, 2016                                          s/ R. Bryan Harwell
Florence, South Carolina                                R. Bryan Harwell
                                                             United States District Judge